### ENO *v.* METROPOLITAN E. RY. CO.

*(Superior Court of New York City, General Term.* June 26, 1888.)

EMINENT DOMAIN—CONFIRMATION OF COMMISSIONERS' REPORT—INTEREST ON DAMAGES ASSESSED.

Where an award of damages in condemnation proceedings "to plaintiff, as owner, or to persons interested," was confirmed, but the damages assessed were, over plaintiff's objection, ordered to be deposited in bank under section 17 of the general railroad act, (Laws N. Y. 1876, c. 198,) which was done, and on appeal plaintiff procured a modification of the order directing payment to himself as owner, and the damages not having been paid, nor the order recorded, as required by section 18 of that act, he may maintain an action therefor, and recover interest thereon from the date of the order of confirmation.

Appeal from jury term; O'GORMAN, Judge.

Action by Amos R. Eno against the Metropolitan Elevated Railroad Company, on an award of damages in condemnation proceedings. In 1879, in condemnation proceedings by defendant to acquire property belonging to plaintiff, the commissioners appointed awarded for one parcel $526.50, to unknown owners, and for another $4,562.50, to the plaintiff as owner, or to persons interested. An order was entered by the general term, confirming the report, except that, on defendant's motion, it was provided that the two amounts named should be deposited in bank. From this order both parties appealed; plaintiff claiming, among other things, that the award should have been made to him. Upon the appeal by order of the general term, in 1886, the report of the commissioners was modified so as to require the sums named to be paid to plaintiff as owner. Defendant, having done nothing towards paying to plaintiff the amount ascertained by these orders to be due him, procured a certified copy thereof, and caused the same to be recorded in the office of the county clerk, demanded payment of the awards, and interest, and then brought this action. Section 18 of the general railroad act (Laws 1850, c. 140, as amended by Laws 1876, c. 198) provides that on payment of the sums awarded, "with interest from date" of the order of confirmation, the company shall be entitled to enter upon possession, etc.; and also that if the company neglects, for 10 days, to have the order recorded, and to pay, any party may cause a certified copy to be recorded, "and thereupon the moneys therein directed to be paid with interest thereon from the date of said order, shall be a debt against the company, and the same shall be a lien upon the said real estate, and may be enforced and collected by an action at law or in equity in the supreme court,

with costs." It was shown on the trial that defendant had deposited the amounts awarded under the original order in bank, and it moved for a dismissal of the complaint on that ground. The court directed a verdict for plaintiff for the two amounts, with interest from the date of the original order confirming the report. Defendant appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and TRUAX, JJ.

*Edward S. Rapallo*, for appellant. *John E. Parsons*, for respondent.

SEDGWICK, C. J. The defendant took proceedings to acquire real estate in two parcels, belonging to the plaintiff. The commissioners assessed the damages, and, against the objection of the plaintiff, awarded them in the one instance to unknown owners, and in the other to the plaintiff or parties interested in the land. The order entered confirming the award provided, in conformity with the statute, that the amount of the award should be deposited, and the deposit was made. The plaintiff appealed, and on the appeal the order was modified so that it should award the damages to the plaintiff. As the order of confirmation stood, in other respects, being only modified in the manner described, it spoke as of its first date, and contained a requirement or an implication that a deposit should be made in such a manner that the plaintiff would be able to obtain it by demand, and also that the amount deposited should combine the amount of the award and interest upon it from the date of confirmation. The defendant did not make any new deposit. The defendant not filing the orders, and as modified by the order in appeal, in the way required by statute, but the plaintiff filing them, the plaintiff, in my opinion, had an action for the amount of the award, and interest from the date of the order of confirmation. I think the court was right in directing a verdict for plaintiff. Judgment affirmed, with costs.

FREEDMAN and TRUAX, JJ., concurring.